# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**BANAE UNDERWOOD,**

    **PLAINTIFF,**

**VS.**　　　　　　　　　　　　　　　　　　　**CIV. ACT. NO.**

**MARATHON STAFFING, INC.**

    **DEFENDANT**　　　　　　　　　　　**JURY TRIAL DEMANDED**

## COMPLAINT

**I.   JURISDICTION**

    1.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1334(4), 1343(4), 1367, 2201, 2202 and pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.* The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by the ADA and pendent state claims, specifically the Alabama Code § 25-5-11.1.

    2.   Plaintiff timely filed his charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

1

## II. PARTIES

3. Plaintiff, Banae Underwood, (hereinafter "Plaintiff") is a resident of Birmingham, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

4. Defendant, Marathon Staffing, Inc., (hereinafter "Defendant"), is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 42 U.S.C. § 12101, *et seq.* and Alabama Code § 25-5-11.1. Defendant employs at least twenty (20) persons. Therefore, this Court has personal jurisdiction over Defendant.

## III. STATEMENT OF FACTS

5. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-4 above.

6. Plaintiff is a disabled person with a diagnosis of mental illness.

7. Plaintiff commenced employment with Custom Staffing in March 2016.

8. Custom Staffing assigned Plaintiff to work at the Birmingham Jefferson Civic Center.

9. Custom Staffing assigned Plaintiff to perform setup services for convention halls and other events.

10. During Plaintiff's employment with Custom Staffing, Defendant took over the staffing contract between Custom Staffing and the Birmingham Jefferson Civic Center.

11. Defendant hired Plaintiff and several other of the Custom Staffing employees to work at the Birmingham Jefferson Civic Center.

12. Defendant assigned Plaintiff to work the exact same job duties.

13. Plaintiff's supervisor at Marathon Staffing was Chandrell Gibson.

14. Gibson worked at the Birmingham Jefferson Civic Center for Custom Staffing, and then later for Defendant.

15. Custom Staffing employed Gibson as Plaintiff's supervisor.

16. Gibson remained as Plaintiff's supervisor when both commenced employment with Defendant.

17. On July 1, 2016, Marathon Staffing commenced its contract with BJCC.

18. On July 11, 2016, Plaintiff suffered an on-the-job back injury.

19. Plaintiff reported the on-the-job back injury to Chandrell Gibson.

20. Immediately, Gibson reported Plaintiff's back injury to Defendant and specifically to Defendant's Manager, Rhonda (LNU).

3

21. Rhonda (LNU) transported Plaintiff to a workers' compensation doctor.

22. Defendant's workers' compensation carrier awarded Plaintiff total temporary disability benefits.

23. Plaintiff collected those benefits until Defendant's workers' compensation physician released Plaintiff to return to work.

24. At the conclusion of Plaintiff's workers' compensation release, Plaintiff contacted Rhonda (LNU) at Marathon Staffing on a weekly basis to request to be returned to her job duties.

25. Rhonda (LNU) repeatedly told Plaintiff that there was no available work and that she would call Plaintiff when positions were opened and available.

26. Defendant is a staffing company that has numerous job openings and turn over at various times for both full-time and part-time positions.

## IV. COUNT ONE – ADA – Disability Discrimination

27. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-26 above.

28. Plaintiff suffers from the disabling condition diagnosed as schizophrenia.

29. Plaintiff's disabling condition of schizophrenia substantially limited the major life activity of learning, concentrating, thinking, and communicating.

30. On July 11, 2016, Plaintiff suffered an on-the-job back injury.

31. Plaintiff's on-the-job back injury substantially limited the major life activity of walking, standing, lifting, and bending.

32. Defendant's worker's compensation released Plaintiff to return to work on August 17, 2016.

33. Defendant failed to return Plaintiff to her former position.

34. Defendant has never telephoned Plaintiff to inform her of any open positions.

35. But for Plaintiff having a disability of mental illness and/or a back injury, Defendant would have returned Plaintiff to her former position.

36. Defendant violated the ADA when it failed to return Plaintiff to her former position because Plaintiff suffered from one or more a disabilities.

37. As a result of Defendant's violation of the ADA, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

## VI.  COUNT TWO – ADA – Perception - Disability

38. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-37 above.

39. Plaintiff suffers from the disabling condition diagnosed as schizophrenia.

40. Plaintiff's disabling condition substantially limited the major life activity of learning, concentrating, thinking, and communicating.

41. On July 11, 2016, Plaintiff suffered an on-the-job back injury.

42. Plaintiff's on-the-job back injury substantially limited the major life activity of walking, standing, lifting, and bending.

43. Defendant's worker's compensation doctor released Plaintiff to return to work on August 17, 2016.

44. Defendant failed to return Plaintiff to her former position.

45. Defendant has never telephoned Plaintiff to inform her of any open positions.

46. But for Defendant's perception of Plaintiff having a disability of mental illness and/or a back injury, Defendant would have returned Plaintiff to her former position.

47. In failing to return Plaintiff to her former position, Defendant violated the ADA because of Defendant's perception of Plaintiff having a disability.

48. As a result of Defendant's violation of the ADA, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

**VII.   COUNT THREE – Alabama Code § 25-5-11.1**

49. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1- 48 above.

50. Defendant employed Plaintiff as an hourly-paid, non-exempt employee.

51. On July 11, 2016, Plaintiff suffered an on-the-job back injury.

52. Plaintiff reported the on-the-job back injury to Chandrell Gibson.

53. Immediately, Gibson reported Plaintiff's back injury to Defendant and specifically to Defendant's Manager, Rhonda (LNU).

54. Rhonda (LNU) transported Plaintiff to a workers' compensation doctor.

55. Defendant's workers' compensation carrier awarded Plaintiff total temporary disability benefits.

56. Plaintiff collected those benefits until Defendant's workers' compensation doctor released Plaintiff to return to work.

57. Defendant's worker's compensation doctor released Plaintiff to return to work on August 17, 2016.

58. At the conclusion of Plaintiff's workers' compensation disability period, Plaintiff contacted Defendant's employee Rhonda (LNU) on a weekly basis to request to be returned to her job duties.

59. Rhonda (LNU) repeatedly told Plaintiff there was no available work and that she would call Plaintiff when positions were opened and available.

60. Defendant has never telephoned Plaintiff to inform her of any open positions.

61. Defendant effectively terminated Plaintiff's employment as it failed to return her to her former job position after Defendant's workers' compensation doctor

released Plaintiff to return to work.

62.     Defendant violated the Alabama Workers Compensation Anti-Retaliation Statute when it failed to return Plaintiff to her former position after being released by Defendant's workers' compensation doctor.

## VIII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.     Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the ADA;

B.     Enter an Order requiring the Defendant to make Plaintiff whole by awarding him the position he would have had, had he not been discriminated against;

C.     Award him back pay, together with employment benefits, front pay; compensatory damages; punitive damages; special damages; nominal damages;

D.     Attorneys' fees and costs;

E.     Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 12101 that the actions of Defendant are violative of the law; and,

F.     Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

_____
ALLEN D. ARNOLD

_____
KIRA FONTENEAU

OF COUNSEL:

FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Ste. 110
Birmingham, Alabama 35205
(205) 252-1550 – Office
(205) 502-4476 – Facsimile

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

DEFENDANT'S ADDRESS:
Marathon Staffing Corporation, Inc.
c/o Registered Agent: Incorp Services Inc+.
2094 Myrtlewood Drive
Montgomery, AL 3611

9